**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JAMES E. ABBATE,

    Petitioner,

v.                                                 Case No. 07-cv-14501

SUSAN DAVIS,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner James E. Abbate is a state inmate currently incarcerated at Gus C. Harrison Correctional Facility in Adrian, Michigan. Petitioner entered a plea of no contest in Oakland County Circuit Court to the following offenses: assaulting, resisting and obstructing a police officer causing injury, Mich. Comp. Laws § 750.81d(2); unauthorized use of emergency telephone service, Mich. Comp. Laws § 484.1605(2); and assaulting a prison employee, Mich. Comp. Laws § 750.197c. He was sentenced to consecutive terms of two to fifteen years for the assault upon a police officer conviction and one and a half to fifteen years for the assault of a prison employee conviction. He also was sentenced to a concurrent term of ninety-three days for the unauthorized use of an emergency telephone service. Petitioner has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2254. For the reasons that follow, the court will deny the petition.

## I. BACKGROUND

Petitioner's conviction arose out of two separate incidents, which occurred within a three day span. The facts, derived from Petitioner's brief, are as follows:

> In Case No. 2004-196722FH, it is alleged that on June 4, 2004, the [Petitioner] struck a police officer with a closed fist after officers were dispatched to a Mobil Gas station located in the City of Novi in reference to numerous 911 hang ups from a payphone at that location. Presentence Report (PSR), Agent's Description of the Defense, p.3. It is purported that the [Petitioner] told officers "I want to go to jail today" when they arrived at the scene, and then lunged at one of the officers striking him in the lower jaw with a closed fist.
>
> In Case No. 197008 FH, it is alleged that on June 6, 2004, the [Petitioner] became loud and disruptive in the hallway while returning from the recreation area at the Oakland County Jail. PSR, Agent's Description of Offense, p.3. Accident reports indicate that the [Petitioner] was then placed in an attorney booth whereupon he was spoken to by a supervisor and another deputy at the jail. After this meeting, a decision was made to return the [Petitioner] to his cell. Reports indicate a deputy went over to inform the [Petitioner] that he would be returned to his cell, and, after the inner catwalk was opened to return the [Petitioner] and another deputy stepped back from the door, the [Petitioner] stood up and swung his arm striking Deputy Woodliff in the left side of his face.

(Petitioner's "Brief in Support of Application for Leave to Appeal," 3/7/06, at 1.)

In July 2004, the trial court judge, who was assigned to both of Petitioner's cases, ordered that Petitioner submit to psychiatric testing. On August 17, 2004, Petitioner was found incompetent to stand trial and was committed to a mental health facility. On October 25, 2004, a certified forensic examiner for the State of Michigan submitted a letter to the trial court opining that Petitioner was competent to stand trial. At a competency hearing held on November 23, 2004, the trial court determined that Petitioner was competent to stand trial. Additional support for the ruling was presented in the form of an opinion letter dated January 11, 2005 issued by a consulting forensic examiner for the State of Michigan. The letter indicated that he did not find support for

an insanity defense in either of the cases and that the Petitioner was criminally responsible for his actions.[1]  Another letter was submitted to the trial court by an independent psychologist who was appointed to conduct an evaluation of Petitioner.  He also submitted an opinion letter to the trial court dated March 29, 2005 where he concluded that Petitioner was mentally ill, but not insane.

On April 27, 2005, Petitioner entered pleas of no contest to the offenses charged in each case and was sentenced as set forth above.  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claims:

> I.  THE CASES SHOULD BE REMANDED TO THE TRIAL COURT TO ALLOW THE DEFENDANT TO EITHER OFFER A SUFFICIENT BASIS FOR A NO CONTEST PLEA OR VACATE THE PLEA WHERE THE TRIAL COURT ACCEPTED PLEAS OF NO CONTEST WITHOUT A SUFFICIENT REASON OR BASIS.
>
> II.  RESENTENCING IS REQUIRED WHERE THE RECORD FAILS TO ESTABLISH A FACTUAL AND LEGAL BASIS FOR SENTENCING THE DEFENDANT AS AN HABITUAL OFFENDER, FOURTH OFFENSE.
>
> III.  RESENTENCING IS REQUIRED WHERE THE TRIAL COURT FAILED TO RECOGNIZE OR CONSIDER THAT IT HAD THE DISCRETION TO IMPOSE A CONCURRENT SENTENCE ON ALL CHARGES IN BOTH CASES.
>
> IV.  THE TRIAL COURT DID VIOLATE THE UNITED STATES CONSTITUTION IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES OF 2 TO 15 YEARS ON THE CHARGE OF ASSAULTING OR RESISTING A POLICE OFFICER CAUSING INJURY AND 1 ½ TO 15 YEARS ON THE CHARGE OF ASSAULT OF PRISON EMPLOYEE.

---

[1] "[T]he physicians at the Forensic Center believed that [Petitioner] was malingering and that he is faking his mental illness, or at least exaggerating it, and that the assaultive crimes are committed on his behalf to stay incarcerated because he is homeless and cannot afford to eat.  And so, therefore he's, at least according to the Forensic Center, he is criminally responsible." (Tr., Hearing, 2/11/05, at 4.)

Petitioner's delayed application was denied.  *People v. Abbate*, No. 266181, (Mich. Ct. App. Dec. 20, 2005).  Petitioner did not appeal the decision to the Michigan Supreme Court.

Petitioner then filed with the trial court a "Motion for Election to Withdraw or Reaffirm Plea and/or Resentencing" asserting the same issues raised in the appellate courts.  The motion was denied following a hearing on the matter.  Petitioner filed a delayed application for leave to appeal the decision with the Michigan Court of Appeals raising the same issues, and his application was denied.  *People v. Abbate*, No. 269004 (Mich. Ct. App. April 25, 2006).  Petitioner filed an appeal with the Michigan Supreme Court, making the same arguments as those presented in the Michigan Court of Appeals; and relief was also denied.  *People v. Abbate,* 722 N.W.2d 842 (Mich. 2006) (table).

Petitioner now files a petition for writ of habeas corpus under 28 U.S.C. § 2254 raising the following claims:

> I.  THE CASES SHOULD BE REMANDED TO THE TRIAL COURT TO ALLOW THE DEFENDANT TO EITHER OFFER A SUFFICIENT BASIS FOR A NO CONTEST PLEA OR VACATE THE PLEA WHERE THE TRIAL COURT ACCEPTED PLEAS OF NO CONTEST WITHOUT A SUFFICIENT REASON OR BASIS.
>
> II.  RESENTENCING IS REQUIRED WHERE THE RECORD FAILS TO ESTABLISH A FACTUAL AND LEGAL BASIS FOR SENTENCING THE DEFENDANT AS AN HABITUAL OFFENDER, FOURTH OFFENSE.
>
> III.  RESENTENCING IS REQUIRED WHERE THE TRIAL COURT FAILED TO RECOGNIZE OR CONSIDER THAT IT HAD THE DISCRETION TO IMPOSE A CONCURRENT SENTENCE ON ALL CHARGES IN BOTH CASES.
>
> IV.  THE TRIAL COURT DID VIOLATE THE UNITED STATES CONSTITUTION IN SENTENCING THE DEFENDANT TO CONSECUTIVE SENTENCES OF 2 TO 15 YEARS ON THE CHARGE OF ASSAULTING OR RESISTING A POLICE

OFFICER CAUSING INJURY AND 1 ½ TO 15 YEARS ON THE CHARGE OF ASSAULT OF PRISON EMPLOYEE.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering applications for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel.  *See Wiggins v. Smith,* 539 U.S. 510, 520 (2003).

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  *Franklin v. Francis,* 144 F.3d 429, 433 (6th Cir. 1998).  Mere error by the state court will not justify issuance of the writ; the state court's application of federal law "must have been objectively unreasonable."  *Wiggins,* 539 U.S. at 520-21 (quoting *Williams v. Taylor,* 529 U.S. 362, 409 (2000) (internal quotes omitted)).  Additionally, this Court must presume the

correctness of state court factual determinations. 28 U.S.C. §2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous"). The Supreme Court explained the proper application of the "contrary to" clause:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of §2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law. . . . Under §2254(d)(1)'s "unreasonable application" clause, then a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

6

*Id.* at 409, 410-11; *see also Davis v. Coyle,* 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby,* 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell,* 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

### III. DISCUSSION

### A. No Contest Plea

Petitioner first asserts that there was an insufficient basis upon which to offer or accept a no-contest plea. Second, he claims that his mental faculties were impaired to the extent that he was incapable of knowingly and voluntarily entering into a no-contest plea.

There is no federal constitutional requirement that a factual basis be established to support a guilty or no contest plea. *See Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir. 1975). So long as a plea is intelligently and voluntarily entered, the federal constitution does not mandate that a factual basis supporting a guilty plea be established, or even that the defendant admit factual guilt. *Holtgreive v. Curtis,* 174 F. Supp. 2d 572, 582-583 (E.D. Mich. 2001). Although M.C.R. 6.302(D)(1) requires that a factual basis must be elicited from a defendant before accepting a or no contest plea, no federal constitutional issue is raised by the failure of a Michigan trial court to comply with a state law or court rule concerning establishing the factual basis of a guilty or no contest plea. *Holtgrieve,* 174 F. Supp. 2d at 582. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir. 1995). Petitioner's claim that the trial court failed to establish a sufficient factual basis to support his no-contest plea does

7

not provide a basis for federal habeas relief.

Moreover, defense counsel specifically stated during the plea hearing that "[w]e're willing to stipulate that there is a factual basis on each of the cases based in that, that report and in the police report." (Plea Tr., 4/27/05, at 9.) Under Michigan law, a police report can provide a sufficient factual basis to establish a no contest plea. *See People v. Harvey*, 381 N.W.2d 779, 781 (Mich. Ct. App. 1985). Petitioner is not entitled to habeas relief on his first claim.

Second, Petitioner challenges the knowingness and voluntariness of his no contest plea due to his mental infirmities. A guilty or no contest plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). Courts must consider all the relevant circumstances when determining whether a plea was entered voluntarily and intelligently. *Id.* at 749. "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

The Supreme Court elaborated on this standard in *Brady*, where it stated:

> [t]he rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757.  Furthermore, "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and a trial court's factual findings, including credibility determinations, are entitled to special deference.  28 U.S.C. § 2254(e)(1); *Patton v. Yount*, 467 U.S. 1025, 1038 (1984).

Petitioner argues that because he was deemed incompetent to stand trial several months prior to entering into the no contest plea and that the appointed forensic psychologist opined that Petitioner was mentally ill, that his mental health condition impaired his ability to understand his criminal proceedings or the nature of his plea. Therefore, Petitioner asserts that he was incapable of knowingly and voluntarily entering into a no contest plea.

In this case, the state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary.  At the time of his plea, Petitioner was twenty-five years old and had significant prior experience with the criminal justice system.[2]  There is no indication that Petitioner suffered from any medical or mental health condition that impaired his ability to understand his criminal proceedings or the nature of his plea. The issue regarding Petitioner's mental health was raised at the plea hearing.  Defense counsel stated:

> Mr. Abbate was earlier sent to the Forensic Center.  He was deemed incompetent for a period of time. Then, in fact, they issued a report, they found him to be competent.  The Court allowed me to have an

---

[2] Petitioner is a fourth-offense habitual offender.  In addition to the conviction at issue in this case, he has also been convicted of fleeing from police, larceny of a firearm, larceny in a building, and unlawfully taking possession of a vehicle.  During the sentencing hearing, the trial court also acknowledged that Petitioner has a record which consisted of "five felonies, five misdemeanors and he has a juvenile record."  (Sent. Tr., 5/11/05, at 5-6).

9

>independent examination of Mr Abbate done by Dr. Michael Abramsky at County expense. A report from Dr. Abramsky was filed. The original was sent to the court, that was for the purpose of establishing whether there was a defense or not.  Dr. Abramsky finds that he would be criminally responsible, even though he has some mental health problems."

(Plea Tr., 4/27/05, at 3).  Petitioner responded appropriately to the trial court's questions and stipulated to a factual basis for his plea indicating his guilt of the charged offenses. (*Id.* at 5-9.)  Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty.  (*Id.* at 6 -7.)  The court discussed the plea and the maximum sentences he faced upon conviction.  (*Id.* 5-6.)  Petitioner indicated that he was pleading no contest of his own free will and had not been coerced or threatened.  (*Id.* at 8.)  He also indicated that no promises had been made to him to induce his plea.  (*Id.*)

Aside from his self-serving statement that he "was unable to comprehend mentally what was going on in front of him,"  Petitioner has failed to establish that he did not knowingly and voluntarily enter into a no contest plea in this case. (Pet. at 3.)   The record demonstrates that the trial court conducted a proper colloquy and in no way supports Petitioner's argument.  The court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary, thus not warranting habeas relief.

### B.  Re-Sentencing - Habitual Fourth Offender

Petitioner asserts that the record does not support a factual or legal basis for sentencing Petitioner as a habitual fourth offender. To the extent that Petitioner is challenging Michigan's state law regarding sentencing enhancement, the claim is not

cognizable on habeas review. Questions of state sentencing law, enhancements, and the scoring of state sentencing guidelines in particular, are not cognizable on federal habeas corpus review. *Miller v. Vasquez,* 868 F.2d 1116, 1118-19 (9th Cir. 1989); *Long v. Stovall,* 450 F.Supp.2d 746, 754 (E.D. Mich. 2006). As succinctly explained by the Sixth Circuit, "[a] state court's alleged misinterpretation of state sentencing guidelines and crediting status is a matter . . . of state concern only." *Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (citing *Travis v. Lockhart,* 925 F.2d 1095, 1097 (8th Cir. 1991)); *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988). "[F]ederal habeas corpus relief does not lie for errors of state law . . . ." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 68 (1991).

Moreover, the record clearly supports Petitioner's status as a fourth habitual offender. *See supra* n.2; Mich. Comp. Laws §769.12. As stated at Petitioner's sentencing: "Defendant is 25 years old and his record consists of five felonies, five misdemeanors and he has a juvenile record." (Sent. Tr., 5/11/05, at 5-6.) At Petitioner's plea hearing, he was reminded by the trial court of his fourth habitual offender status, without objection, and that he would be sentenced accordingly. (Plea Tr., 4/27/05, at 6.) When asked by the trial court if he knew about his fourth offender habitual status and the sentencing ramifications, Petitioner responded, "yes." (*Id.*) Therefore, habeas relief is not warranted.

### C. Concurrent / Consecutive Sentencing

Petitioner claims that the trial court judge failed to exercise its discretion to

11

impose concurrent sentences on all charges in both cases. (Pet. at 11-15.) When sentencing Petitioner, the trial judge stated, "The record should indicate that the sentence must be consecutive because the defendant committed the offense while incarcerated in the Oakland County Jail." (Sent. Tr., 5/11/05, at 7.) Petitioner contends that this was error because "it is believed that the Trial Court Judge imposed a mandatory consecutive sentence based on MCL 768.7a(1)." (Pet. at 12.) Petitioner argues that this provision does not apply to Petitioner because he was not a "sentenced prisoner" at the time of the offense, but was merely awaiting trial. (*Id.* at 13.) Thus, Petitioner argues that the sentencing judge should have applied Mich. Comp Laws § 768.7b(2). (*Id.*)

"It is well-settled that 'state-law violations provide no basis for federal habeas relief.'" *Toler v. McGinnis*, 23 F. App'x 259, 266 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 n.2 (1991)). Petitioner's claim would "be contingent upon [the court's] interpretation of an alleged violation of Michigan law," specifically whether the sentencing court erred by applying Mich. Comp. Laws § 768.7a(1) when Petitioner was not incarcerated following a conviction. *Id.* Michigan law is not entirely clear whether this statute would apply to an individual "incarcerated in a penal or reformatory institution" pending trial, *see* Mich. Comp. Laws § 768.7a(1), because there is another statute addressing the situation when a person commits a felony pending disposition of another charge, *see* Mich. Comp. Laws § 768.7b(2). But even if the sentencing judge misunderstood Michigan law in this regard, it does not provide a basis for federal habeas relief. *See Toler*, 23 F. App'x at 266. Therefore, to the extent that Petitioner is challenging Michigan state law in this matter, he fails to state a claim upon which

12

habeas relief can be granted.

To the extent Petitioner's argument could be construed as a due process claim, it also fails. "It is undisputed that convicted defendants . . . have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990). Under Mich. Comp. Laws § 768 7b(2)(a), which Petitioner argues the sentencing judge should have applied, the judge has discretion to impose consecutive sentences under the circumstances of the case. Here, the trial judge discussed multiple sentencing factors, including Petitioner's age, criminal history, employment status, education, and the fact that Petitioner committed the offense while on absconder status. (Sent. Tr., 5/11/05, at 5-6.) Petitioner cannot complain as a consecutive sentence was within the trial court's discretion, even if the sentencing judge expressed otherwise. Accordingly, Petitioner is not entitled to habeas relief on this claim.

### D. *Blakely v. Washington*

Petitioner asserts that his sentence violates the principles set forth by the United States Supreme Court in *Blakely* and *Booker*. The Supreme "Court has repeatedly held that, under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California,* 549 U.S. 270 281 (2007). In other words, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id.* at 860.

In support of Petitioner's request for habeas relief, he relies upon the case of

*Blakely v. Washington,* 542 U.S. 296 (2004), in which the U.S. Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

The problem with Petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. See *People v. Drohan,* 715 N.W.2d 778, 790 (Mich. 2006); *People v. Claypool,* 684 N.W.2d 278, 286 n.14 (Mich. 2004) (both citing Mich. Comp. Laws § 769.8). "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in *Blakely,* create a range within which the trial court must set the minimum sentence." *Drohan,* 715 N.W.2d at 790. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See *People v. Babcock,* 666 N.W.2d 231, 237 n.7 (Mich. 2003) (citing Mich. Comp. Laws § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the maximum sentence. *Claypool,* 684 N.W.2d at 286 n.14. Michigan's indeterminate sentencing scheme is therefore unaffected by the U.S. Supreme Court's holding in *Blakely. Drohan*, 715 N.W.2d at 790.

The decision in *Blakely* has no application to Petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not

infringe on the province of the jury. See *Blakely*, 542 U.S. at 304-05, 308-09. Because *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of Petitioner's sentencing guidelines range did not violate his Sixth Amendment rights, so as to entitle him to habeas relief.

The maximum penalty for assaulting, resisting and obstructing a police officer causing injury, Mich. Comp. Laws § 750.81d(2) is less than four years. The maximum penalty for assaulting a prison employee, Mich. Comp. Laws § 750.197c is less than five years. According to Mich. Comp. Laws § 769.12(1)(b), the maximum the trial court could have sentenced Petitioner on each of the charges was fifteen years. Because Petitioner's sentences as to each offense do not exceed fifteen years, his sentence is within the statutory maximum for each of his offenses, and he is not entitled to habeas relief on his *Blakely* claim. *Stephenson v. Renico,* 280 F. Supp. 2d 661, 669 (E.D. Mich. 2003).

### E. Proportionality of Sentence

Finally, Petitioner argues that the imposition of his sentence is disproportionately severe to his offense. Therefore, he claims that his rights have been violated under the Michigan Constitution and the Eighth Amendment. Because the United States Constitution contains no strict proportionality guarantee, *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a claim that the sentencing court violated Michigan's principles of proportionality implicates only state law. *See Lunsford v. Hofbauer*, 52 F.3d 325 (6th Cir. 1995) (citing *Harmelin*, 501 U.S. at 965); *Welch v. Burke,* 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999). Therefore, to the extent that Petitioner relies upon the Michigan proportionality rule established in *People v. Milbourn*, 461 N.W.2d 1 (1990), his claim is

solely one of state law which is not cognizable on federal habeas review. See *Welch*, 49 F. Supp. 2d at 1009.

To the extent that Petitioner claims an Eighth Amendment violation, which prohibits cruel and unusual punishment, the Eighth Amendment "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1001. Therefore, federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without a possibility of parole. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *Seeger v. Straub*, 29 F. Supp. 2d 385, 392 (E.D. Mich. 1998).

Moreover, the Sixth Circuit has held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62-63 (6th Cir. 1995); *see also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment); *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (holding that "federal courts should be reluctant to review legislatively mandated terms of imprisonment and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare" (internal quotations omitted)). As discussed above, Petitioner's sentences do not exceed those allowed for each of his crimes under Michigan law. Therefore, Petitioner has not shown that his sentences are in violation of the Constitution or laws of the United States. For these reasons, the court finds that Petitioner is not entitled to habeas relief regarding his proportionality claim.

### F.  Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction.[3] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims.  *Id.* at 336-37.  The court concludes that jurists of reason would not find the court's assessment of the constitutional claims debatable or wrong.  The court thus declines to issue Petitioner a certificate of appealability.

### IV.  CONCLUSION

Petitioner has not established that he is in the State of Michigan custody in violation of the Constitution or laws of the United States.  Accordingly,

IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt. #1] is

---

[3]Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.

DENIED.

IT IS FURTHER ORDERED that the court DECLINES to issue a certificate of appealability.

                                               s/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: January 29, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 29, 2010, by electronic and/or ordinary mail.

                                               s/Lisa G. Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522